UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NOAH MOSEY, )
 )
       Petitioner, )
 )
  vs. ) No. 1:17-cv-00402-SEB-DML
 )
STAN KNIGHT[1], )
 )
       Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Noah Mosey for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-11-0132. For the reasons explained in this Entry, Mosey's habeas petition must be **denied**.

    **A.**    **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] The **clerk shall** substitute Stan Knight, Mr. Mosey's custodian, as the sole, proper respondent.

### B. The Disciplinary Proceeding

On November 15, 2016, Officer Williams wrote a Report of Conduct in case NCF 16-11-0132 charging Mosey with possession or use of a controlled substance. On November 6, 2016, Mosey's urine was tested for drugs and the preliminary test was positive for opiates and methamphetamine. The urine sample was then sent to an outside laboratory for further testing, which was positive for opiates. As the Report of Conduct states:

> The following conduct report has been issued to Offender Noah Mosey #239254 for Possession or Use of a Controlled Substance, as defined in the Adult Disciplinary Policy. On 11/6/16, Mosey submitted his own urine for a full 8 panel drug screen. The Chain of Custody was followed and the sealed specimen was sent to Alere Toxicology Services, Inc., for a full screening, with a confirming test performed. Lab reports received on 11/12/16, clearly indicate the presence of Morphine in the urine of Offender Mosey, #239254. Internal Affairs was made aware of the results on 11/15/16. Based upon the results from Alere Toxicology Services, Inc., Offender Mosey, #239254 did violate code B-202, of the Adult Disciplinary Policy. Offender informed of conduct.

On November 17, 2016, Mosey was notified of the charge of possession or use of a controlled substance and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Mosey was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in NCF 16-11-0132 on November 22, 2016, and found Mosey guilty of the charge of possession or use of a controlled substance. In making this determination, the hearing officer considered the offender's statements, staff reports, the chain of custody form, the preliminary results form, and the test report. The hearing officer recommended and approved the following sanctions: 30 days lost commissary and phone privileges, restitution, a 90 day deprivation of earned credit time, and a demotion from credit class II to credit class III.

Mosey's appeals were denied and he filed this petition for a writ of habeas corpus.

C.  Analysis

In support of his petition for a writ of habeas corpus, Mosey argues that the urine sample was not witnessed by a second staff member as required by Indiana Department of Correction ("IDOC") policy, he was not offered the opportunity to sign the drug screen results form in violation of IDOC policy, that the chain of custody form was not signed, that the time frame for testing and returning the test results was not possible, that the facility did not determine that the urine same was a result of authorized medication, and the preliminary report indicated that the sample was positive for methamphetamine and opiates while the "actual urine sample was tested and proved positive for opiates only."

1. Policy

Mosey's first two challenges – that the urine sample was not witnessed by a second staff member and that he was not given the chance to sign the results – are at least partly based on alleged violations of IDOC policy. But relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no

constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

### 2. Sufficiency of the Evidence

Mosey also challenges the sufficiency of the evidence to sustain the disciplinary conviction. First, like his claims of violation of IDOC policy, he asserts that he was not offered the opportunity to sign the chain of custody form and that the chain of custody form was not signed by lab personnel. In addition, he claims that the time frame for testing and returning results to the facility is impossible, that the facility never determined that the sample was a result of authorized medication, and that the preliminary report indicated that the sample was positive for methamphetamine and opiates while the final report indicated that it was positive for opiates only.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mosey's first two sufficiency challenges relate to the chain of custody of the urine sample. It is true that "[a]dministrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016). But a chain of custody slip that confirms the collection of the sample, its labeling and sealing, its transmission to the laboratory, and the receipt by the laboratory is enough to create a link between the results and the prisoner. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). "Absent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Id.* at 653. Mosey has presented no evidence to support a conclusion that a mistake was made. He argues that he was not allowed to sign the chain of custody form and that the form was not signed by lab personnel. But the chain of custody forms contain Mosey's identifying information, show that the specimen was sealed, and contain the same specimen identification number. This is enough to support the guilty finding.

Mosey also argues that the time frame for testing and returning results to the facility is impossible, that the facility never determined that the sample was a result of authorized medication, and that the preliminary report indicated that the sample was positive for methamphetamine and opiates while the final report indicated that it was positive for opiates only. None of these arguments is sufficient to show that there was not "some evidence" to support his conviction. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 454. The determination should be upheld if "there is any evidence in the record that could support the conclusion." *Id.* at 457. Here, Mosey's assertion that the time between when the sample was sent

to the lab for testing and when the results were obtained is too fast is not enough to demonstrate any error in the test. In addition, the fact that the second test was positive only for opiates while the first test was positive for opiates and methamphetamine does not require a conclusion that there was a flaw in the test or in the handling of the sample. Further, the fact that the two tests were each positive for opiates supports the conclusion that Mosey had opiates in his system. Finally, Mosey's argument that the facility did not determine that the result was not a result of authorized medication does not undermine the sufficiency of the evidence to convict him. There is no indication in the Hearing Report or Mosey's appeal forms that he argued that he was taking prescription medication. He also did not argue at his hearing or in his case that he was on medication that would create a positive result for opiates.

In short, Mosey's urine tested positive for opiates and the chain of custody forms are sufficient to find the results are reliable. This is "some evidence" to support his conviction for possession or use of a controlled substance. Each of his challenges to the sufficiency of the evidence are challenges to the weight of this evidence. Because the Court will not reweigh the evidence, his challenges must be rejected.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mosey to the relief he

seeks. Accordingly, Mosey's petition for a writ of habeas corpus must be **denied** and the action dismissed. His motion to dismiss the charges, dkt. [15], is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/11/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NOAH MOSEY
239254
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov